*E-Filed 11/17/09*

1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8             FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                         SAN JOSE DIVISION

10

11  UNIDAD DE FE Y AMOR                    No. C 08-04910 RS
    CORPORATION,

12              Plaintiff,                 **ORDER DENYING MOTION FOR
                                           ENTRY OF JUDGMENT AND**
        v.                                 **CONSENT DECREE**
13

14  IGLESIA JESUCRISTO ES MI REFUGIO,
    INC; ROBERTO GOMEZ; H.C.C.N., INC.;
15  and ANTONIO CESAR GUEL,

16              Defendants.

17  _____/

18

19        On October 26, 2009, plaintiff sought leave under Civil Local Rule 79-5 to file the written

20  settlement agreement in this action under seal.  Because that request was unaccompanied by any

21  motion that might require consideration of the settlement agreement or its terms, no basis for filing

    the settlement agreement appeared at all—under seal or otherwise.  Accordingly, permission to file
22
    it under seal was denied.
23
          Plaintiff thereafter filed the present motion requesting that the Court enter judgment against
24
    defendants, which plaintiff contends is consistent with the settlement agreement.  At the time the
25
    motion was filed, plaintiff believed defendants did not intend to fulfill their obligations under the
26
    settlement agreement.  Because this motion implicates the settlement agreement, the Court has now
27
    reviewed the copy of the agreement that plaintiff lodged with the Court when requesting leave to file
28

1    it under seal.  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition

2    without oral argument.

3         The motion to enter judgment and a "consent decree" is DENIED.  Although parties may, as

4    part of a settlement agreement, stipulate that a judgment be entered, the settlement agreement here

5    contains no such provision.  The relevant paragraph of the agreement provides:

6         The Parties will jointly submit to the Court a request to approve the settlement *and
          dismiss the case*.  This Agreement will be incorporated in the dismissal order.  The
7         Court will retain jurisdiction to enforce the settlement.

8    Settlement Agreement, ¶ 9 (emphasis added).

9         It is unclear what the parties intended in stating that they would seek Court approval of the

10   settlement, as no such approval is required or customarily sought in a private contractual dispute

11   such as this, which does not involve the claims of minors, joint-tortfeasors, or any other

12   circumstances that would call for Court review of the settlement terms.  It is also not clear what the

13   parties contemplated when they provided that the settlement agreement would be "incorporated" in

14   the dismissal order, particularly given that they elsewhere stipulated that the terms of the agreement

15   would remain confidential.  Ordinarily, a dismissal after settlement is accomplished by the

16   submission of a stipulation, or by a plaintiff's unilateral dismissal, if no counterclaims have been

17   advanced.   Where, as appears to be the case here, the parties contemplate the Court retaining

18   jurisdiction to enforce the settlement agreement, the stipulation for dismissal may simply so provide.

19   Although incorporating the terms of a settlement agreement is also effective to retain enforcement

20   jurisdiction, such an approach is feasible only where the parties do not seek to keep the settlement

21   terms confidential.

22        Whatever the parties may have intended with respect to these matters, it is clear that the

23   settlement agreement does not include any consent from defendants for entry of judgment against

24   them.  Furthermore, plaintiff's reply brief acknowledges that defendants are not presently in

25   material breach of the agreement.

26

27                                                                    No. C 08-04910 RS

28                                                                    ORDER

2

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1      Accordingly, the parties are directed to proceed as contemplated by the settlement agreement

2  and to submit a stipulation for dismissal of this action no later than December 30, 2009.   The

3  stipulation may provide that the Court will retain jurisdiction.   The settlement agreement previously

4  lodged by plaintiff will now be filed under seal, as it has been considered in the disposition of this

5  motion, and there is good cause to maintain confidentiality of its material terms.   The hearing on

6  the standby order to show cause (Docket No. 37) is hereby continued to January 6, 2010, at 9:30

7  a.m.

8

9  IT IS SO ORDERED.

10

11

12  Dated:  11/17/09

13                        RICHARD SEEBORG
                         UNITED STATES MAGISTRATE JUDGE

No. C 08-04910 RS

ORDER

3