**\*E-Filed 06/28/2010\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNIDAD DE FE Y AMOR CORPORATION,<br><br>　　　　Plaintiff,<br>　v.<br><br>IGLESIA JESUCRISTO ES MI REFUGIO, INC; ROBERTO GOMEZ; H.C.C.N., INC.; and ANTONIO CESAR GUEL,<br><br>　　　　Defendants.<br>_____/ | No. C 08-04910 RS<br><br>**ORDER RE "MOTION FOR AN ORDER" TO ENFORCE JUDGMENT"** |

This action settled in September of 2009. Under the terms of the parties' settlement agreement, defendants were to make monthly payments to plaintiff of $5000, continuing into the first quarter of 2011. Defendants were also to provide plaintiff certain security. As of May 27, 2010, when the present motion was filed, plaintiff admits that defendants have remained current in their payment obligations under the agreement.

Defendants, however, apparently have never provided the security or even a signed copy of the settlement agreement, despite the Court's express order entered on April 21, 2010 that they do so. Contending there is a risk that defendants will cease making the monthly payments, plaintiff now moves for "an order to enforce judgment." Plaintiff's motion asserts the "only realistic alternative" is for the Court to now "reform" the parties' settlement agreement and order payment in

No. C 08-04910 RS
ORDER

full of the remaining balance of approximately $67,000 within 21 days. Defendants filed no response to the motion, and plaintiff filed no reply. Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument.

The motion is denied. As plaintiff acknowledges, there is no "judgment" to "enforce" in this action. Plaintiff dismissed the action, pursuant to the settlement agreement and the instructions of the Court. Plaintiff is correct that the Court retains jurisdiction to enforce the settlement agreement, and, of course, the Court has the power to compel compliance with its April 21, 2010 order. That said, plaintiff has offered no authority, and the Court is aware of none, that would give the Court the authority to re-write the parties' negotiated agreement to declare the full balance now due. If plaintiff wanted an acceleration clause that could be invoked upon a technical default, it was incumbent on plaintiff to negotiate for, and obtain, such a provision.

Nothing in this order should be construed as endorsing defendants' apparent conduct. At a minimum, their present counsel has not fulfilled its obligation to respond to a motion and to advise the Court of defendants' position. Moreover, it appears likely that defendants may be in contempt of the Court's April 2010 order. Plaintiff, however, is directed *not* to file a contempt motion unless and until defendants are seriously delinquent on their monthly payment obligations.

Within 10 days of the date of this order, counsel for defendants shall file a declaration or declarations explaining:

(1) whether payments remain current,

(2) why no response to the current motion was filed,

(3) why defendants apparently failed to comply with the April 21, 2010 order.

IT IS SO ORDERED.

Dated: 06/28/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 08-04910 RS

ORDER

2